UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUREY DAMION HOUSEN,

                Plaintiff,

-v.-

EQUIFAX INC. and JOHN W. GAMBLE,

                Defendants.

24 Civ. 5718 (JHR) (GS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

JENNIFER H. REARDEN, District Judge:

On July 29, 2024, Plaintiff Durey Damion Housen, acting *pro se*, brought this action under the Fair Credit Reporting Act ("FCRA") against Defendant Equifax Information Services LLC ("Equifax").[1] Before the Court is the Report and Recommendation of Magistrate Judge Gary Stein, ECF No. 36, recommending that Plaintiff's motion to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) be granted. *Id.* at 1. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and ADOPTS Judge Stein's recommendation.

## BACKGROUND

Plaintiff filed his Complaint on July 29, 2024. ECF No. 1. On August 7, 2024, the Court referred the case to Judge Stein for all purposes except trial. ECF No. 6. Defendant Equifax was served with process on August 21, 2024. ECF No. 7.[2] Its deadline to respond to the Complaint was therefore September 11, 2024. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

---

[1] In the Complaint, Plaintiff names "Equifax Inc." According to Equifax, the proper Defendant is Equifax Information Services LLC. S*ee* ECF No. 9.

[2] The docket does not reflect service on the other Defendant in this action, John W. Gamble. Nor has any appearance been entered on his behalf.

On September 10, 2024, Equifax sought to extend the time to respond to October 28, 2024. ECF No. 10. Judge Stein granted the request on September 11, 2024. ECF No. 11. Plaintiff moved for a default judgment that same day. ECF No. 12. On September 13, 2024, Judge Stein denied Plaintiff's motion, explaining that "the Court extended Equifax's time to answer upon . . . a showing of good cause," and that, "[t]herefore, Equifax [wa]s not in default in this matter." ECF No. 14. On October 28, 2024, Equifax answered the Complaint. ECF No. 15.

At an initial case management conference on January 22, 2025, Equifax stated its intention to move for judgment on the pleadings. *See* ECF No. 23. Judge Stein set a deadline of February 21, 2025 for that motion, and a status conference was scheduled for February 27, 2025. *Id.* On February 21, 2025, Equifax filed its motion. ECF No. 25. By written order following the February 27 status conference, Judge Stein stayed discovery and ordered a schedule for briefing Equifax's motion, including a deadline of April 11, 2025 for Plaintiff to file an opposition brief or an amended complaint. *See* ECF No. 28. Instead, on April 7, 2025, Plaintiff moved to voluntarily dismiss the Complaint without prejudice. ECF No. 32. Judge Stein subsequently stayed the deadlines pertaining to the motion for judgment on the pleadings and set deadlines of April 24, 2025 for Equifax's response to Plaintiff's motion to voluntarily dismiss and May 1, 2025 for Plaintiff's reply. *See* ECF No. 33. Equifax timely filed its response, and Plaintiff timely filed his reply. *See* ECF Nos. 34, 35.

On May 14, 2025, Judge Stein issued a Report and Recommendation that Plaintiff's motion to voluntarily dismiss this action without prejudice be granted. ECF No. 36 at 15. The Report and Recommendation notified the parties that they had "fourteen days . . . to file written objections." *Id.* The Report and Recommendation further cautioned that "a failure to file timely objections w[ould] preclude appellate review." *Id.* at 16. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil

Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. § 636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation. *See id.* at 15. No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *2 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "preclude appellate review," ECF No. 36 at 16, Equifax did not file any objections to the Report and Recommendation. Thus, Equifax waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the

consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law." *Fredricks*, 2025 WL 1018870, at *1.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate all pending motions and close the case.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 30, 2025
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge

4